# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LINDA R. HUTCHINGS § <br> § <br> v. § <br> § Civil Action No. 4:15-CV-00538 <br> § Judge Mazzant <br> LORA LYONS, PLAN ADMINISTRATOR, § <br> BALL INDUSTRIES EMPLOYEE INJURY § <br> BENEFIT PLAN, ET AL § <br> § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Strike Defendants' Expert Witness Justin Robbins, M.D. (Dkt. #20). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Plaintiff Linda Hutchings ("Hutchings") commenced this action against Defendants, Lora Lyons ("Administrator") and Ball Industries, Inc. (collectively "Defendants"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), alleging that Defendants wrongfully denied her disability benefits under an employee welfare benefit plan ("the Plan") insured by Ball Industries Employee Injury Benefit Plan.[1]

Hutchings sustained a tear in her right medial meniscus on May 18, 2013, while working for Ball Industries, Inc. Defendants approved her initial surgery, but when that was unsuccessful, her orthopedic surgeon recommended a total knee replacement (Dkt. #10 at p.2–3). On September 15, 2014, Defendants denied the claim on the ground that it was a pre-existing

---

[1] On March 18, 2016, Hutchings filed Plaintiff's Amended Complaint and Answer to Counterclaim (Dkt. #10) adding Ball Industries Employment Injury Benefit Plan as an additional defendant.

condition (Dkt. #10 at p.3). On February 12, 2015, Hutchings filed her administrative appeal (Dkt. #10 at p.3). On August 9, 2015, Hutchings filed suit in this court (Dkt. #1).

On March 22, 2016, Hutchings filed the administrative record (Dkt. #11). On March 28, 2016, Defendants filed additional attachments to the administrative record that included Part 20 "MD Review of Records" which is the subject of the pending motion (Dkt. #12–#16).

Part 20 of Defendants' additional attachments to the administrative record consists of an eight-page report by Dr. Justin Robbins, M.D., dated August 11, 2015 ("the Report") (Dkt. #16, Exhibit 5). On June 10, 2016, Hutchings filed this motion, seeking to strike the Report because it was filed after the filing of her lawsuit (Dkt. #20). Defendants defend the Report as helpful information in synthesizing hundreds of pages of records regarding the nature and mechanism of Hutchings's injuries (Dkt. #21).

## LEGAL STANDARD

"A long line of Fifth Circuit cases stands for the proposition that, when assessing factual questions, the district court is constrained to the evidence before the plan administrator." *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (collecting cases); *see also Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 394 (5th Cir. 2006). Thus, the administrative record consists of relevant information made available to the administrator *prior to* the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it. *Vega*, 188 F.3d at 299 (emphasis added). The plan administrator has the obligation to identify the evidence in the administrative record and the claimant must be afforded a reasonable opportunity to contest whether the record is complete. *See Vega*, 188 F.3d at 295, 299 (citing *Barhan v. Ry-Ron Inc.*, 121 F.3d 198, 201–02 (5th Cir. 1997)). Once the administrative record has been determined, the district court may not stray from it but for certain limited

exceptions, "such as the admission of evidence related to how an administrator has interpreted terms of the plan in other instances, and evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim." *Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 521 (5th Cir. 2000). Thus, upon filing suit, the administrative record closes and the only way that new evidence can be admitted is through the two exceptions listed above: evidence interpreting the plan, or explaining medical terms and procedures. *McDonald v. Hartford Life Grp. Ins. Co.*, 361 F. App'x 599, 606–07 (5th Cir. 2010).

**ANALYSIS**

Hutchings objects to the Report on the basis that it is not part of the administrative record (Dkt. #20 at p.1). Hutchings contends that Dr. Robbins's report was neither available at the time of the denial nor during administrative review, and therefore Plaintiff never had an opportunity to respond to it or know of Dr. Robbins's existence (Dkt. #20 at p.2).

Defendants contend that the Report is based on medical records and other information and has never been challenged by Hutchings (Dkt. #21 at p.4). Defendants contend that the Report should be included in the administrative record because it is a thorough review of Plaintiff's work and medical treatment history, and concisely synthesizes hundreds of pages for the Court's benefit and assistance. (Dkt. #21 at p.4).

It is undisputed that Hutchings's claim was denied by the Administrator on September 15, 2014. On February 12, 2015, Hutchings filed her appeal with the Administrator. On August 9, 2015, Hutchings filed suit. The administrative record was eventually compiled and filed with the Court by Defendants on March 28, 2016, containing the August 11, 2015 Report (Dkt. #12–

#16). On June 10, 2016, Hutchings filed Plaintiff's Motion to Strike Defendants' Expert Witness Justin Robbins, M.D. (Dkt. #20).

It is clear by the undisputed facts, and hardly contested by Defendants, that the facts before the Administrator when she denied Hutchings's claim did not include the Report which was created nearly a year later. Therefore, the Report should not be included in the administrative record unless Defendants prove an exception should apply.

Defendants first claim that the Report is admissible evidence that assists the Court in understanding the medical terminology or practice related to Plaintiff's claim (Dkt. #21 at p.4). However, Defendants later admit that the Report merely "synthesizes" hundreds of pages for the Court's "benefit and assistance" (Dkt. #21 at p.4). Defendants then point to the Court's decision in *Basaldua v. Am. Fid. Assurance Co.*, CASE NO. 4:11–CV–664, 2014 WL 6068417 (E.D. Tex. Nov. 13, 2014). In *Basaldua*, the Court declined to include the affidavit of the plaintiff's doctor because it did not fit within the exception allowing evidence assisting the Court in understanding medical terminology or practice. *Id.* at *5. The affidavit in *Basaldua* did not define the term at issue—"as needed"—nor did it discuss what that term normally means in a medical practice. *Id.* Rather, it included additional information regarding the plaintiff's need for continued treatment. *Id.*

Here, Defendants contend that the Report should be included because it does not include additional information and was included in the record much sooner than in *Basaldua*. The Court finds this argument unpersuasive.

First, whether the Report is a faithful summary of Hutchings's medical treatment is irrelevant to the Court's analysis. The job of the Court is to review the record as the Administrator had it when she denied the claim. *Vega*, 188 F.3d at 299; *S. Farm Bureau Life Ins.*

*Co. v. Moore*, 993 F.2d 98, 201 (5th Cir. 1993). It is undisputed that the Report was created nearly a year after Defendants denied Hutchings's employee injury claim. Therefore, there is ample reason to believe that the Administrator did not have this report when she denied Hutchings's claim.[2] Furthermore, to the extent that this report is an unadulterated summary of Hutchings's medical records, it is cumulative and unnecessary.

Next, Defendants contend that Hutchings waited too long to object. In *Basaldua*, the Court rejected the plaintiff's affidavit that was filed more than two-and-a-half years after the lawsuit was filed. *Basaldua*, 2014 WL 6068417, at *5. Here, Defendants filed the Report two days after Hutchings filed her lawsuit. Hutchings objected two-and-a-half months later. While Defendants were certainly more diligent than the plaintiff in *Basaldua*, the Court ultimately finds this argument unpersuasive. The issue in *Basaldua* was not the delay in filing, but simply the fact that the affidavit was filed after the lawsuit. *See id.* ("The only question before the Court is whether it falls within the limited exception."). The fact remains that the Report was filed nearly a year after the Administrator denied Hutchings's employee injury claim and after any reconsideration was foreclosed. Hutchings should be afforded a "reasonable opportunity" to object to the administrative record. *See Vega*, 188 F.3d at 295, 299 (citing *Barhan*, 121 F.3d at 201–02). Two-and-a-half months to object to the final eight pages of a one-thousand page administrative record is not such an unreasonable period as to constitute a waiver. Therefore, under *Vega* and its progeny, the Report is untimely and not properly before the Court. Plaintiff's objection is sustained. The Court will strike the report of Dr. Robbins from the administrative record.

---

[2] Even if the Administrator did consult with Dr. Robbins in September 2014, a report created a year later would not be a sufficient memorandum of that conversation.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Strike Defendants' Expert Witness Justin Robbins, M.D. (Dkt. #20) is hereby **GRANTED**.

**SIGNED this 13th day of October, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE